**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TOM HUSSEY PHOTOGRAPHY, LLC,

        Plaintiff,

    v.

BDG MEDIA, INC.,

        Defendant.

C.A. NO.

## COMPLAINT AND JURY DEMAND

Plaintiff Tom Hussey Photography, LLC ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, brings this suit against Defendant, BDG Media, Inc. ("Defendant"), and for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff is the successor by assignment from its principal, Tom Hussey (the original author of the images), of all copyrights in the nine images at issue in this lawsuit.  A true and accurate copy of the assignment agreement is attached hereto as **Exhibit A**.  Plaintiff's principal place of business is located in Dallas, Texas.

3.      Tom Hussey is an award-winning photographer specializing in commercial advertising and lifestyle photography.  In the course of a diverse and award winning 20-year

career in commercial advertising photography, Mr. Hussey and his photography studio, the Plaintiff in this action, have received industry-wide recognition for his creative style and lighting techniques.  Mr. Hussey has worked on numerous local, national and international advertising campaigns for a variety of Fortune 500 companies, the most popular and highly recognized of which is the "Reflections" series created in connection with pharmaceutical company, which has attracted a number of awards.

4.     Defendant is a media holding company using the trade name "Bustle Digital Group," that describes itself out as "the largest premium publisher reaching millennial women." Defendant owns and operates numerous digital media websites, including the website known as "Flavorwire" located at the URL www.flavorwire.com (the "Website").  Defendant is organized and incorporated under Delaware law, with a principal place of business in New York City, New York.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.     Personal jurisdiction over Defendant is proper.  Defendant is organized and incorporated in, and conducts business in, this District, and Defendant has committed torts in this District, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

DM2\12293307.1

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.   Plaintiff's Business**

8.      Plaintiff's principal and predecessor-in-interest concerning the copyrights at issue in this lawsuit, Tom Hussey, is noted for commercial advertising and lifestyle photography. Among the many stylized and valuable photographic images he has created and assigned to the Plaintiff, Mr. Hussey is the original author of a series of images known as the Reflections Series, which includes the nine images attached hereto as **Exhibit B** (the "Copyrighted Works").

9.      The Copyrighted Works have been registered with the United States Copyright Office, pursuant to Certificates of Registration VAu 990-319 and VA 2-168-199.  Specifically, the first eight Copyrighted Works depicted in **Exhibit B** are registered under Certificate of Registration VAu 990-319, with an effective date of June 8, 2009.  The ninth Copyrighted Work depicted in **Exhibit B** is registered under Certificate of Registration VA 2-168-199, with an effective date of June 19, 2019.  Copies of Certificates of Registration VAu 990-319 and VA 2-168-199 received from the United States Copyright Office are attached hereto as **Exhibit C.**

**B.   Defendant's Unlawful Activities**

10.      On or about August 15, 2018, Defendant acquired the Website from its previous owner.  On information and belief, and based on the representation of Defendant's in-house counsel, that acquisition was accomplished by way of an asset purchase, not an acquisition of the corporate entity that formerly owned the Website itself.

11.      Defendant has been directly operating and managing the Website since August 15, 2018, at the earliest.  Accordingly, Defendant's first act of infringement with regard to the Copyrighted Works occurred on August 15, 2018, at the earliest.

12.     On October 25, 2018, Plaintiff discovered for the first time that Defendant was infringing its exclusive copyright in the Copyrighted Works.

13.     Specifically, Plaintiff discovered the Copyrighted Works were reproduced and being publicly displayed and distributed, without Plaintiff's authorization at the following website URL's:

- http://flavorwire.com/164201/photo-gallery-reflection-of-time;
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/2
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/3
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/4
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/5
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/6
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/7
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/8
- http://flavorwire.com/164201/photo-gallery-reflection-of-time/9
- http://flavorwire.files.wordpress.com/2011/03/20110225_9641612559751011.jpg;
- http://flavorwire.files.wordpress.com/2011/03/20110225_9641612559751091.jpg?w=1920;
- http://flavorwire.files.wordpress.com/2011/03/20110225_964161255975123.jpg;
- http://flavorwire.files.wordpress.com/2011/03/20110225_964161255975083.jpg;
- http://flavorwire.files.wordpress.com/2011/03/e_tom_hussey_274.jpg;
- http://flavorwire.files.wordpress.com/2011/03/20110225_964161255975057.jpg;
- http://flavorwire.files.wordpress.com/2011/03/20110225_964161255975076.jpg;
- http://flavorwire.files.wordpress.com/2011/03/20110225_964161255975088.jpg; and
- http://flavorwire.files.wordpress.com/2011/03/f_tom_hussey_n-46-welder-4.jpg.

DM2\12293307.1

14.    Copies of screenshots evidencing the Defendant's infringing reproductions, distributions and public displays of the Copyrighted Works are attached hereto as **Exhibit D**.

15.    Defendant's business model for the Website and the similar websites in its portfolio, is to create and/or copy content that it believes will interest its target audience in order to attract viewers to the Website, and its commercializes that viewership through a series of advertising and promotional agreements.    Defendant used its nine infringements of the Copyrighted Works for that commercial purpose.

16.    Defendant intended to and on information and belief Defendant has, profited from its infringements of the Copyrighted Works, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Works.

17.    On information and belief, because the Defendant is the owner and operator of numerous commercial websites that specialize in displaying and promoting media content such as photographs, images, videos and text in order to obtain advertising revenue from the viewership that content creates, Defendant has a sophisticated knowledge of U.S. copyright laws and protections.

18.    Defendant was aware that Plaintiff's principal, Tom Hussey, created the Copyrighted Works.    Nevertheless, Defendant never sought, and on information and belief Defendant was aware it did not possess, permission from Mr. Hussey, or the Plaintiff, to reproduce, display or distribute the Copyrighted Works.

19.    On January 9, 2020, Plaintiff, through counsel, sent a demand letter to the Defendant concerning its infringement of the Copyrighted Works.    Among other things, Plaintiff demanded that Defendant "certify that [it] has ceased all infringing reproduction, distribution and

display of the Copyrighted Works and that it will make no further use of the Copyrighted Works, or any of [Plaintiff]'s other copyrighted works, again in the future." Despite that demand, and repeated requests that Defendant confirm it has taken action to cease displaying the Copyrighted Works, Defendant has refused to respond to those requests, instead taking the incomprehensible position that it is irrelevant information.

20.     Because of Defendant's repeated refusals to confirm that it has ceased displaying or otherwise using the Copyrighted Works, or agree not to do so again in the future, Plaintiff will not be able to protect its exclusive copyrights in the Copyrighted Works without obtaining an injunction against the Defendant's further infringement of those works.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

21.     Plaintiff realleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

22.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Works, including without limitation the right to sue for infringement.

23.     As a result of Defendant's reproduction, distribution and public display of the Copyrighted Works and explicit reference to Mr. Hussey as the author of the Copyrighted Works, Defendant had access to the Plaintiff's publication of the Copyrighted Works prior to reproducing and/or displaying them on the Website.

24.     By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, reproducing the Copyrighted Works without permission and distributing and publicly displaying the Infringing Works.

25.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate and Defendant has profited at the expense of Plaintiff.

26.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Works, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to its uses of the Infringing Works, pursuant to 17 U.S.C. § 504(b).

27.     In the alternative, and at Plaintiff's election, as to each of the first eight Copyrighted Works depicted in **Exhibit B**, Plaintiff is entitled to an award of statutory damages, up to a maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Works, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

28.     Plaintiff is entitled to an award of his costs, including reasonable attorneys' fees, for pursuing his claims relating to the first eight Copyrighted Works depicted in **Exhibit B**, pursuant to 17 U.S.C. § 505.

29.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Works in violation of the Copyright Act;

2.     A declaration that such infringement has been willful;

3.      An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial for each of the first eight Copyrighted Works depicted in **Exhibit B**, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

4.      Awarding Plaintiff his costs and expenses incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

5.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

6.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)      directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

(b)      directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Works or Infringing Works.

7.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: March 20, 2020

Respectfully Submitted

**DUANE MORRIS LLP**

  */s/ Mackenzie M. Wrobel*
Mackenzie M. Wrobel (#6088)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Tel: (302) 657-4900
mmwrobel@duanemorris.com

*Attorney for Plaintiff*
*Tom Hussey Photography, LLC*

DM2\12293307.1