IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-404-MN |
| | ) |
| BDG MEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Mackenzie M. Wrobel, DUANE MORRIS LLP, Wilmington, DE; Steven M. Cowley, DUANE MORRIS LLP, Boston, MA – Attorneys for Plaintiff

Chad M. Shandler, Nicole K. Pedi, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Eleanor M. Lackman, Bradley J. Mullins, MITCHELL SILBERBERG & KNUPP LLP, New York, NY – Attorneys for Defendant

December 18, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") sued Defendant BDG Media, Inc. ("BDG") for copyright infringement. (D.I. 1). Pending before the Court is BDG's motion to dismiss or, in the alternative, to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (D.I. 9). The motion is fully briefed. (D.I. 10; D.I. 14; D.I. 15). For the reasons set forth below, the motion to dismiss is GRANTED.

**I.      BACKGROUND**

**A.      Factual Background**

Plaintiff is a photography studio owned by Tom Hussey ("Hussey") with its principal place of business in Dallas, Texas. (D.I. 1 ¶¶ 2, 3). Hussey authored a series of photographs titled "Reflections," showing elderly subjects looking into a mirror at their younger selves. (*Id.* ¶ 3; D.I. 1-2, Ex. B). Nine images in the "Reflections" series are at issue in this suit. (D.I. 1 ¶ 2). Hussey assigned all copyrights in the nine images to Plaintiff. (*Id.*)

BDG is a media holding company organized and incorporated in Delaware, with its principal place of business in New York City, New York. (*Id.* ¶ 4). BDG uses the trade name "Bustle Digital Group." (*Id.*).

On August 15, 2018, BDG purchased the website "Flavorwire," and has operated and managed the website since its acquisition. (*Id.* ¶¶ 10–11). Flavorwire hosts an article dated March 23, 2011, which describes the "Reflections" series and displays the nine copyrighted images. (*Id.* ¶ 13). Plaintiff alleges it discovered the Flavorwire article on October 25, 2018. (*Id.* ¶ 12). Plaintiff, through its counsel, has repeatedly requested that BDG cease displaying the copyrighted works on Flavorwire. (*Id.* ¶ 19). BDG has not responded to the requests. (*Id.*).

### B. <u>Procedural History</u>

On March 20, 2020, Plaintiff filed the instant lawsuit, alleging one count against BDG for infringement of the nine copyrighted images. (*Id.* ¶¶ 21–29). BDG moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 10 at 6–12). In the alternative, BDG seeks transfer of the case to the Southern District of New York. (*Id.* at 12–20).

## II.   LEGAL STANDARDS

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210–11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or

"unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## III. DISCUSSION

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, a plaintiff must allege (1) ownership of a valid copyright and (2) unauthorized copying of original elements of the plaintiff's work. *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005). "Unauthorized copying" refers generally to five prohibited acts that constitute direct infringement under the Copyright Act, namely unauthorized reproduction, distribution, public display, performance, or creation of derivative works of the copyrighted work. 17 U.S.C. § 106. To allege direct copyright infringement, "a plaintiff must allege volitional conduct on the part of the defendant." *Parker v. Google, Inc.*, 242 F. App'x 833, 836 (3d Cir. 2007). The volitional conduct inquiry seeks to determine whether the defendant caused the copyrighted material to be infringed. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM (SHx), 2013 WL 2109963, at *6 (C.D. Cal. Mar. 8, 2013) ("[T]he key to understanding the so-called 'volitional conduct' requirement is to equate it with the requirement of causation, not intent.").

Plaintiff has failed to allege that BDG committed a volitional act of copyright infringement. The only volitional conduct alleged is that BDG acquired and thereafter managed Flavorwire, which hosts a 2011 article displaying Plaintiff's copyrighted work. Plaintiff has not alleged that BDG caused Flavorwire to display the copyrighted images. To the extent Plaintiff argues that BDG should be liable for declining to take down the 2011 article after it acquired Flavorwire, (*see*

3

D.I. 14 at 7–8), this omission is neither volitional conduct nor infringing conduct as contemplated by the Copyright Act. *See Leonard v. Stemtech Health Scis., Inc.*, Civil Action No. 08-67-LPS-CJB, 2013 WL 5288266, at *8 (D. Del. Sept. 19, 2013) ("While it may be true that Stemtech could have ended its distributors' infringement with literally a push of a button, that is of little significance in the direct infringement inquiry; what matters is whether it can be said that *volitional conduct* on the part of the defendant *caused* the infringement." (internal quotation marks and citations omitted) (emphasis in original)), *report and recommendation adopted*, ECF No. 217 (D. Del. Oct. 4, 2013) (docket entry only).

Plaintiff argues that BDG is directly liable for copyright infringement because it "directly reproduced, displayed and distributed Plaintiff's Copyrighted Works" since acquiring Flavorwire. D.I. 14 at 1. Plaintiff does not explain how BDG "reproduced" the copyrighted images, and the Court finds that the pleadings do not reasonably support this conclusory allegation. Plaintiff's allegation that BDG "displayed" the copyrighted images appears based on a broad definition of "display." Under the Copyright Act, "[t]o 'display' a work means to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process . . . ." 17 U.S.C. § 101. The verb "display" can describe both the volitional act of making something visible (*e.g.*, the Louvre displayed the *Mona Lisa* in 1797), as well as the passive maintenance of its visibility thereafter (*e.g.*, the *Mona Lisa* has been displayed at the Louvre for many years). Plaintiff does not allege that BDG committed the initial act of display in 2011. Thus, Plaintiff argues impliedly that BDG has infringed Plaintiff's copyright by passively displaying the copyrighted images after acquiring Flavorwire.

Plaintiff cites a handful of cases to argue liability may be based on defendants' passive display of copyrighted works. Even if these cases broadly construe the word "display," it is

4

undeniable that the defendants in those cases also committed the initial act of making the copyrighted works visible. *See Kennedy v. Creditgo, LLC*, Civil Action No. 15-1790 (JBS-KMW), 2015 WL 7760181, at *1 (D.N.J. Dec. 2, 2015) ("*Defendant used* the image in association with its website . . . . The image was displayed on Defendant's website." (internal citation omitted) (emphasis added)); *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 635 (E.D. Pa. 2007) ("*Defendants . . . accessed* archived screenshots of Healthcare Advocates' website via the Wayback Machine, and the images were displayed on their computers." (emphasis added)); *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 549–50 (N.D. Tex. 1997) ("*Webbworld obtained* its images from selected newsgroups . . . . Webbworld normally stored and displayed about 40,000 to 70,000 images at any given time." (emphasis added)). Thus, these cases do not read the volitional conduct requirement out of the direct infringement inquiry and do not support Plaintiff's theory that BDG committed copyright infringement solely by leaving the copyrighted images on the Flavorwire website. *See id.* at 552 (rejecting defendant's argument that it served as a "mere conduit" of access because defendant took "affirmative steps to cause the copies to be made" and displayed).[1]

---

[1] Ignoring the volitional conduct requirement appears to have caused Plaintiff to overlook a long line of copyright cases against internet service providers, in which courts have routinely held that passively hosting infringing works on a server or cache does not rise to the level of volitional conduct required for direct copyright infringement liability. *See, e.g.*, *Parker v. Google, Inc.*, 242 F. App'x 833, 836 (3d Cir. 2007) (finding no volitional conduct when defendant cached websites that held infringing works); *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004) ("There are thousands of owners, contractors, servers, and users involved in the Internet whose role involves the storage and transmission of data in the establishment and maintenance of an Internet facility. Yet their conduct is not truly 'copying' as understood by the [Copyright] Act; rather, they are conduits from or to would-be copiers and have no interest in the copy itself."); *Parker v. Paypal, Inc.*, CIVIL ACTION No. 16-4786, 2017 WL 3508759, at *4 (E.D. Pa. Aug. 16, 2017) (finding no direct infringement when defendants stored infringing work on their cloud server).

Plaintiff also argues, citing *APL Microscopic, LLC v. United States*, that "[e]ach time a visitor to Defendant's Website viewed the Copyrighted Works since August 15, 2018, Defendant was responsible for a new infringement of Plaintiff's exclusive display rights." (D.I. 14 at 6, citing 144 Fed. Cl. 489, 498 (Fed. Cl. 2019)).  In the *APL* case, the National Aeronautics and Space Administration ("NASA") posted the plaintiff's copyrighted photographs to the NASA website in 2004.  *Id.* at 492.  Because plaintiff filed suit in 2018, the court was required to determine which infringement claims survived the three-year statute of limitations.  *Id.*  The court agreed with plaintiff that public display occurs "each time an individual computer user accesses the relevant page on a website that displays the protected work," and thus plaintiff's infringement claim was not time-barred merely because the original posting occurred in 2004.  *Id.* at 498.  *APL*, like the other cases on which Plaintiff relies, concerned a defendant that both committed the volitional act of displaying the copyrighted work and passively maintained the copyrighted work on display. Based on its facts, that case is fairly read as allowing certain acts to restart the limitations period. The case does not hold that such acts are sufficient to support a copyright infringement claim.[2]

Because BDG's only alleged volitional act was acquiring a website that hosted allegedly infringing copies of Plaintiff's work, Plaintiff has not stated a claim of direct copyright infringement.  Thus, Plaintiff's claim will be dismissed.[3]

---

[2]   Plaintiff appears to rely exclusively on *APL* to argue that BDG "distributed" the copyrighted images.  (*See* D.I. 14 at 6–7).  The *APL* court held that a defendant infringes the right of distribution with each transmission of a webpage containing the copyrighted work.  144 Fed. Cl. at 498.  For the same reasons discussed as to "display," the Court disagrees that a passive act of "distribution" satisfies the volitional conduct requirement for infringement liability.

[3]   Having decided that the Court will grant the motion to dismiss based on Plaintiff's failure to state a claim of copyright infringement, the Court does not address the statute of limitations issue or BDG's motion to transfer.  That being said, the Court notes – without

## IV. CONCLUSION

For the foregoing reasons, Defendant BDG Media, Inc.'s Motion to Dismiss (D.I. 9) is GRANTED.

An appropriate order follows.

---

deciding – that the grounds set forth for transfer appear particularly compelling and urges Plaintiff to carefully consider its choice of forum should it decide to amend its pleading.