IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC, <br><br> Plaintiff, <br> v. <br><br> BDG MEDIA, INC., <br><br> Defendant. | C.A. No. 20-404-MN |

**PLAINTIFF'S MOTION PURSUANT TO
RULE 59(e) TO ALTER AND/OR AMEND THE JUDGMENT OF DISMISSAL**

Plaintiff Tom Hussey Photography, LLC ("*Plaintiff*"), pursuant to Federal Rule of Civil Procedure 59(e) hereby moves to alter or amend the Court's Memorandum Opinion (D.I. 18) and Order (D.I. 19) dated December 18, 2020 to expressly permit an amended pleading as discussed below.

**INTRODUCTION**

Plaintiff Tom Hussey Photography, LLC ("*Plaintiff*") is in receipt of the Court's Memorandum Opinion (D.I. 18) and Order (D.I. 19) dated December 18, 2020, which ruled on the Defendant BDG Media, Inc.'s ("*Defendant*") Motion to Dismiss (D.I. 9). Although the Memorandum Opinion contemplates Plaintiff filing an amended complaint (D.I. 18 at 6, n.3) and the Order dismisses Plaintiff's Complaint "without prejudice" (D.I. 19 at 1), Plaintiff submits that neither the Memorandum Opinion nor the Order squarely addresses whether leave to file an amended pleading is permitted. Accordingly, Plaintiff respectfully requests that the Order be altered and/or amended pursuant to Fed. R. Civ. P. 59(e) to expressly permit Plaintiff to file within 30 days an amended pleading pursuant to Fed. R. Civ. P. 15(a) and the procedure set forth in the Court's form scheduling order.

# ARGUMENT

**I.     Legal Standard**

Rule 59(e) "provides a plaintiff with a 'window in which to seek to reopen the judgment and amend the complaint.'" *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 2016 WL 7230504, at *1 (D. Del. Dec. 14, 2016) (quoting *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007)). "When a plaintiff files a Rule 59(e) motion accompanied by a Rule 15(a) motion after the dismissal of a complaint under Rule 12(b)(6), 'the appropriate manner to dispose of this issue is to consider the motions together and determine what outcome is permitted by consideration of the Rule 15(a) factors.'" *Takeda Pharmaceuticals*, 2016 WL 7230504, at *1 (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011)).[1]

Rule 15(a) "embodies the liberal pleading philosophy of the federal rules" and permits amended of a complaint "once as a matter of right and afterward by leave of the court, which is to be freely granted." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *id.* at 867–89; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit regularly permits amendment of a dismissed complaint when the dismissal was without prejudice. *See, e.g., A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014) (noting cases where an amended complaint was allowed to relate back to a timely, yet dismissed, complaint when the complaint was dismissed without prejudice).

**II.    Plaintiff Should be Granted Leave to File an Amended Complaint**

The Memorandum Opinion (and Order) dismissed Plaintiff's complaint "without prejudice," and contemplates, but does not squarely address an amended pleading. Amendment

---

[1] Plaintiff will file a separate Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15(a) and the procedure set forth in the Court's form scheduling order.

of the Court's Order to expressly permit Plaintiff to file an amendment, as opposed to the Order's current dismissal without prejudice language, is important to protect Plaintiff against the clocks running on Plaintiff's time to file a notice of appeal and underlying statute of limitations.

It is common for the Court to allow amendment of a dismissed complaint when the underlying dismissal occurred without prejudice. *See SmithKline Beecham Corp.*, 769 F.3d at 214 (noting example cases).  This authority provides the basis for permitting leave to amend in this case, where it cannot be said that such amendment would be per se futile.

Plaintiff's proposed Amended Complaint would not be futile.  In its ruling dismissing Plaintiff's Complaint without prejudice, the Court determined that Plaintiff did not adequately set forth the factual grounds for its claim that Defendant directly infringed Plaintiff's Copyrighted Works (the nine images identified and defined in the Complaint).  Plaintiff's proposed Amended Complaint addresses that ruling by adding specific factual allegations identifying the actions by the Defendant that Plaintiff contends constitute the grounds in support of its claim that Defendant directly infringed Plaintiff's exclusive copyrights by creating copies of, publicly displaying and distributing Plaintiff's Copyrighted Works without license or other permission.  As noted above, Plaintiff anticipates filing a separate Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15(a) and the procedure set forth in the Court's form scheduling order.

Given that Plaintiff's anticipated Amended Complaint shall address the lack of factual allegations relied upon by the Court in its Memorandum Opinion (D.I. 18) and Order (D.I. 19), the anticipated amendment is not futile and Plaintiff requests that the Memorandum Opinion and Order be amended to express that the Court's dismissal without prejudice of the Complaint is subject to Plaintiff being permitted to seek leave to amend the Complaint within 30 days of the entry of the Order, pursuant to Rule 15(a) and the procedure set forth in the Court's form scheduling order.

Dated: January 15, 2021              Respectfully Submitted

**DUANE MORRIS LLP**

　/s/ *Mackenzie M. Wrobel*
Mackenzie M. Wrobel (#6088)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Tel: (302) 657-4900
mmwrobel@duanemorris.com

and

Steven M. Cowley
(*admitted pro hac vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4261
smcowley@duanemorris.com
*Attorneys for Plaintiff Tom Hussey Photography, LLC*