

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

MACKENZIE M. WROBEL
DIRECT DIAL: +1 302 657 4925
PERSONAL FAX: +1 302 397 2502
E-MAIL: mmwrobel@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

January 19, 2021

<u>**VIA CM/ECF AND VIA HAND DELIVERY**</u>:

The Honorable Judge Maryellen Noreika
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

   Re: ***Tom Hussey Photography, LLC v. BDG Media, Inc.***
     <u>C.A. No. 1:20-cv-00404-MN</u>

Dear Judge Noreika:

  Pursuant to Sections 8(a) and 7(g) of this Court's standing form Scheduling Order for non-patent matters, and Fed. R. Civ. Proc. 15(a)(2), Plaintiff Tom Hussey Photography, LLC ("***Plaintiff***") submits this letter to set forth its position in support of its request for leave to file an Amended Complaint. Pursuant to Section 8(b) of that form Scheduling Order, Plaintiff has enclosed with this letter its proposed Amended Complaint (Exhibit 1) and a redline comparison between its proposed Amended Complaint and original Complaint (Exhibit 2).

  Pursuant to Section 7(g)(i) of this Court's standing form Scheduling Order for non-patent matters, Plaintiff has conferred with counsel for Defendant BDG Media, Inc. ("***Defendant***") as explained in the contemporaneously filed certification. Following that telephonic discussion, the parties jointly reached out to the Court's Judicial Administrator to obtain dates on which to schedule an argument on Plaintiff's Motion for Leave to Amend, and the parties have since advised of their availability at the Court's convenience during the times offered for argument

DuaneMorris

The Honorable Judge Maryellen Noreika
January 19, 2021

between March 2, 2021 and March 4, 2021. Plaintiff submits this letter at this time however in order to comply with the deadline requested in Plaintiff's Motion Pursuant to Rule 59(e) to Alter and/or Amend the Judgment of Dismissal (D.I. 20) filed on January 15, 2021.

Plaintiff is in receipt of the Court's Memorandum Opinion (D.I. 18) and Order (D.I. 19) dated December 18, 2020, which ruled on Defendant BDG Media, Inc.'s ("**Defendant**") Motion to Dismiss (D.I. 9). Although the Memorandum Opinion contemplates Plaintiff filing an amended complaint (D.I. 18 at 6, n.3) and the Order dismisses Plaintiff's Complaint "without prejudice" (D.I. 19 at 1), Plaintiff submits that neither the Memorandum Opinion nor the Order squarely addresses whether leave to file an amended pleading is permitted. Accordingly, Plaintiff respectfully requested that the Order be altered and/or amended pursuant to Fed. R. Civ. P. 59(e) to expressly permit Plaintiff to file within 30 days an amended pleading pursuant to Fed. R. Civ. P. 15(a) and the procedure set forth in the Court's form scheduling order (D.I. 20).

Rule 15(a) "embodies the liberal pleading philosophy of the federal rules" and permits amended of a complaint "once as a matter of right and afterward by leave of the court, which is to be freely granted." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *id.* at 867–89; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Indeed, leave should be freely granted unless there is an apparent or declared reason for denial, such as undue delay, bad faith, or dilatory motive on the part of the movant; undue prejudice to the opposing party; or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sees. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision to grant or deny leave to amend lies within the discretion of the Court, and the Third Circuit regularly permits amendment of a dismissed complaint when the dismissal was without prejudice. *See, e.g., A.S. ex rel. Miller v.*

DuaneMorris

The Honorable Judge Maryellen Noreika
January 19, 2021

*SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014) (noting cases where an amended complaint was allowed to relate back to a timely, yet dismissed, complaint when the complaint was dismissed without prejudice).

Plaintiff respectfully suggests that its proposed Amended Complaint addresses the Court's decision that the original Complaint was deficient for failing to allege the specific acts by Defendant constituting the alleged infringement. In particular, Plaintiff's proposed Amended Complaint specifically identifies Defendant's actions that Plaintiff contends constitute infringing public displays at amended paragraphs 12–18, 20–36 and 39, and new Exhibits D–K to the Amended Complaint. Plaintiff's proposed Amended Complaint also specifically identifies Defendant's actions that Plaintiff contends constitute infringing copying at amended paragraphs 20–31 and new Exhibits G–K. Additionally, Plaintiff's proposed Amended Complaint specifically identifies Defendant's actions that Plaintiff contends constitute infringing distributions at amended paragraphs 35–37 and 39, and new Exhibits L and M.

Understanding that Defendant contests these amended allegations, Plaintiff's position is those factual disputes are not appropriate for resolution at this stage, but must await discovery and presentation of a full factual record. Accordingly, Plaintiff requests leave to file the proposed Amended Complaint.

Respectfully,

/s/ Mackenzie M. Wrobel
Mackenzie M. Wrobel (#6088)

*Counsel for Plaintiff Tom Hussey Photography, LLC*

MMW/chp

cc: All counsel of record pursuant to the ECF system