

Chad M. Shandler
Director
302-651-7836
Shandler@rlf.com

January 22, 2021

**VIA ECF AND HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 N. King Street, Unit 19, Room 4324
Wilmington, Delaware 19801-3555

    Re:   *Tom Hussey Photography, LLC v. BDG Media, Inc.*, C.A. No. 20-404-MN

Dear Judge Noreika:

    We represent defendant BDG Media, Inc. ("BDG") in the above-captioned action, and we write in response to plaintiff Tom Hussey Photography, LLC's ("Plaintiff") letter seeking leave to file an amended complaint. D.I. 21.[1] Because Plaintiff's proposed amendments cannot cure the deficiencies cited in the Court's Memorandum Opinion dismissing the original complaint (D.I. 18; "Opinion" or "Opin."), and because Plaintiff failed to heed the Court's warning about the inappropriateness of refiling in the current forum, leave to amend should be denied.

    While leave to amend is freely granted, amendment should not be granted where the proposed amendments are futile. *See*, *e.g.*, *Parker v. Google, Inc.*, 242 F. App'x 833, 839 (3d Cir. 2007) (denying leave to amend where claim raised in the amended complaint "suffered from similar defects" as already discussed in previous order partially granting 12(b)(6) motion); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (court may deny a motion to amend where "the amended complaint cannot withstand a renewed motion to dismiss"). In *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, for example, Your Honor declined to permit the amendment of patent infringement claims where "[t]he law [wa]s clear that . . . no facts could be pleaded to state a claim of direct infringement based on [the defendant's] activities." *See* C.A. No. 18-098-MN, 2018 WL 6629709, at *5 (D. Del. Dec. 19, 2018) (Noreika, J.) (dismissing with prejudice certain claims and denying leave to amend based on futility).

    Here, the proposed amendment does not remedy the errors that are fatal to Plaintiff's ability to state a claim against BDG (as already addressed in the Opinion): namely, the fact that BDG did not engage in volitional conduct that would violate one or more of the exclusive rights under Section 106 of the Copyright Act. *See* Opin. at 4-5 (rejecting Plaintiff's argument that BDG's

---

[1] BDG intends to fully address Plaintiff's Rule 59(e) motion (D.I. 20) in its opposition briefing due January 29, 2021.

"passive display of copyrighted works" in "leaving the copyrighted images on the Flavorwire website" constituted volitional conduct, particularly where BDG did not "commit the initial act of making the copyrighted works visible"); *see also VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) ("to demonstrate volitional conduct, … [a plaintiff] must provide some 'evidence showing [the alleged infringer] exercised control (**other than by general operation of [its website]**); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution' of its photos") (emphasis added); *Leonard v. Stemtech Health Scis., Inc.*, No. CV 08-67-LPS-CJB, 2013 WL 5288266, at *5 (D. Del. Sept. 19, 2013) ("what matters is whether it can be said that volitional conduct on the part of the defendant caused the infringement"). Plaintiff fails to allege that anything about the underlying articles was changed: it fails to allege that the photographs were touched or even that the content of the articles was changed.[2]

Instead, the proposed amendment adds more facts to the already-dismissed cause of action, presumably to support the arguments already raised (which were rejected), and to manufacture issues of fact, but they miss the mark. BDG's continued general management of a news website it acquired – by adopting terms of use, producing new content, and buying advertising – does not constitute volitional conduct pertaining to alleged infringing acts, consistent with the Court's prior holding. Opin. at 3-5. As a matter of logic, replacing advertising is not making a copy or a new display of a work, nor is adding terms and conditions or additional links that contain new articles on different topics. *See*, *e.g.,* D.I. 21-2 ¶¶ 15, 24, 30; *see also* D.I. 15 at 3-4.[3] This is simply part-and-parcel of the allegations Plaintiff made before, and Plaintiff cannot survive another motion to dismiss by simply adding more allegations that only detail further aspects of BDG's management and hosting of the Flavorwire-related business and website.

Plaintiff's amendment further contains new allegations that "[e]ach person who viewed the . . . Website received a copy of each of the Copyrighted Works . . . [i]n this way, Defendant distributed copies of the Copyrighted Works to visitors of its Website." D.I. 21-2 ¶ 37. But Plaintiff already made this argument in its opposition to the motion (D.I. 14 at 6), and the Court already properly rejected it. Opin. at 6 (rejecting argument that BDG was responsible for a new infringement "[e]ach time a visitor to Defendant's Website viewed the Copyrighted Works").

Plaintiff's amended complaint also fails to address the various other theories that BDG asserted in its previous motion, including BDG's arguments regarding its motion to transfer venue, which the Court found "particularly compelling." Opin. at 6-7 n.3. The Court urged Plaintiff, in

---

[2] None of the "Recent Posts" is alleged to contain Plaintiff's claimed works. *See* D.I. 21-2 ¶ 28.

[3] Plaintiff does not and cannot deny its prior allegation that the photographs remained hosted on a separate website owned by WordPress, and that the photographs were embedded on the Flavorwire site and elsewhere at a time prior to BDG's acquisition. D.I. 21-2 at 7-8. This is so no matter what definitions Plaintiff chooses to use as it tries to conflate articles from the past with every article on Flavorwire.com.

no uncertain terms, to "carefully consider its choice of forum should it decide to amend its pleading." *Id.* Plaintiff ignored the Court's suggestion without explanation, and failed to revise any of its allegations about venue. D.I. 21-2.

Furthermore, despite having seen BDG's briefing on its arguments with respect to the untimeliness of Plaintiff's claims (D.I. 15 at 5), Plaintiff fails to cure its pleading defects relating to same.[4] It is clear that the violation here took place in 2011, was available on the open internet, that Plaintiff is in the business of photography and enforcing its rights (in particular as to the specific photographs at issue), and that the use was never concealed. *Id.* Plaintiff's allegations in the proposed amendment relating to its discovery of the purported infringement remain materially untouched. D.I. 21-2.

Accordingly, for the reasons set forth above, BDG respectfully requests that the Court deny Plaintiff's request for leave to amend.

Respectfully,

*/s/ Chad M. Shandler*

Chad M. Shandler (#3796)

cc: All counsel of record (via ECF)

---

[4] Plaintiff also fails to amend its complaint to cure the defects relating to BDG's successor liability argument. D.I. 9-11.