## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TOM HUSSEY PHOTOGRAPHY, LLC,

        Plaintiff,

    v.

BDG MEDIA, INC.,

        Defendant.

C.A. No. 20-404-MN

### BDG MEDIA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER AND/OR AMEND THE JUDGMENT OF DISMISSAL

Plaintiff BDG Media, Inc. ("BDG") respectfully submits this Opposition to plaintiff Tom Hussey Photography, LLC's ("Plaintiff") Motion, pursuant to Federal Rule of Civil Procedure 59(e), to Alter or Amend the Court's Memorandum Opinion (the "Opinion"; D.I. 18) and Order (D.I. 19), both dated December 18, 2020, to expressly permit an amended pleading (the "Rule 59(e) Motion"; D.I. 20, 20-2, 20-3).  The absence of permission for leave to replead was justified: the expectation was that if the suit were refiled, it would not be filed in this Court.  Plaintiff now requests that the Court "determine [the] outcome" of its Rule 59(e) Motion "by consideration of the Rule 15(a) factors."  D.I. 20 at 2.[1]  However, because Plaintiff's proposed amendment is "futile" – a sufficient basis to deny motions pursuant to both Rule 15(a) and Rule 59(e) – Plaintiff's Motions should be denied.

A proper Rule 59(e) motion must rely on one of three grounds: "(1) an intervening change

---

[1] Following its filing of the instant Rule 59(e) Motion, Plaintiff subsequently filed a letter motion seeking leave to file an amended complaint pursuant to Rule 15(a) (the "Rule 15(a) Motion"; together, with the Rule 59(e) Motion, the "Motions").  D.I. 21.  Plaintiff filed a proposed amended complaint ("PAC") with its Rule 15(a) Motion.  D.I. 21-1.

in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Rather than advance any of these grounds, Plaintiff asserts in its Rule 59(e) Motion that the Opinion failed to "squarely address[] whether leave to file an amended pleading is permitted," and then asserts that its PAC would "address the lack of factual allegations relied upon by the Court in its Memorandum Opinion and Order." D.I. 20 at 3.  Neither is true, and Plaintiff's drastic measure of filing a Rule 59(e) Motion – which is meant to address "manifest errors of law or fact or to present newly discovered evidence," and is to be used "sparingly" – is improper.

*First*, there was nothing unclear about the Opinion or the Order, which expressly stated that, while the original complaint was "DISMISSED without prejudice" (D.I. 19), "Plaintiff [should] carefully consider its choice of forum should it decide to amend its pleading."  D.I. 18 at 6 n.3.[2]  Plaintiff assumes, without any support, that the Court mistakenly omitted the language granting it leave to replead in this District, ignoring the explicit language imploring Plaintiff to replead (if at all) elsewhere.

*Second*, as discussed in BDG's letter opposing Plaintiff's request for leave to file an amended complaint, the PAC fails to remedy the defects already identified by the Court in its Opinion – namely, the fact that BDG did not engage in volitional conduct that would violate one or more of the exclusive rights under Section 106 of the Copyright Act (*see* Opin. at 4-5).  D.I. 23. Instead, the PAC adds more facts to the already-dismissed cause of action, presumably to support

---

[2] Despite having seen BDG's briefing on its arguments with respect to its motion to transfer, Plaintiff failed to cure its pleading defects relating to same.  D.I. 15.

the arguments already raised (which were rejected), and to manufacture issues of fact.  However, these facts simply provide more detail on BDG's general management of Flavorwire.com; they fail to identify facts to state a claim that BDG engaged in volitional conduct constituting a violation of one of the exclusive rights of copyright owners.  As noted in BDG's letter, *id.*, this is not enough, and the amendment will be futile on the merits in addition to its attempt to claim venue in this District.

Instead of citing "an intervening change in law or new evidence" as required under Rule 59(e), Plaintiff asserts that the more liberal analysis typical to Rule 15(a) – namely, undue delay, bad faith, prejudice, or futility – should be used to assess its Rule 59(e) motion.  D.I. 20 at 1-2 (*citing Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 2016 WL 7230504, at *1 (D. Del. Dec. 14, 2016); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011)).[3]  However, "the liberality of Rule 15(a) is no longer applicable once judgment has been entered because Rule 15(a) and 59(e) should not be employed in a manner contrary to favoring finality of judgments and the expeditious termination of litigation that would render those provisions meaningless."  *Id.*

Even an application of the more liberal Rule 15(a) factors warrants denial of the Rule 59(e) Motion on futility grounds, as discussed above.  *Id.* ("[f]utility is a basis on which to deny a Rule

---

[3] *Takeda* and *Burtch* are both distinguishable, as the proposed amended pleadings were filed contemporaneously with their respective Rule 59(e) motions.  *See Takeda*, 14-cv-01268-RGA-SRF, D.I. 124 (Rule 59(e) motion filed with amended complaint as Exhibit A); *Burtch v. Milberg Factors, Inc.*, No. CIV.A.07-556-JFF-LPS (D.I. 87; same).  Here, Plaintiff failed to contemporaneously file its amended complaint with its Rule 59(e) Motion – indeed, Plaintiff did not even provide BDG with a copy of the proposed amended pleading prior to their conference on the Rule 59(e) motion (*see* D.I. 20-2) – and thus Plaintiff may not benefit from a more liberal standard.

59(e) motion accompanied by a Rule 15(a) motion").[4]

Accordingly, for the foregoing reasons, BDG respectfully requests that Plaintiff's Motions be denied.

RICHARDS, LAYTON & FINGER, P.A.

OF COUNSEL:

Eleanor M. Lackman
Bradley J. Mullins
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave., 25th Floor
New York, New York 10022

DATED:  January 28, 2021

/s/ Chad M. Shandler
Chad M. Shandler (#3796)
Nicole K. Pedi (#6236)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7836
shandler@rlf.com
pedi@rlf.com

*Attorneys for Defendant*
*BDG Media, Inc.*

---

[4] To the extent Plaintiff filed its Motion solely to seek to toll the time to file a notice of appeal of the Order, the tactic fails because the issue raised by Plaintiff – namely, a request for clarification regarding whether it may file an amended complaint – is collateral to the dispute resolved in the underlying Order. *See Alimenta (U.S.A.), Inc. v. Anheuser-Busch Companies, Inc.*, 803 F.2d 1160, 1162 (11th Cir. 1986); *see* Fed. R. App. P. 4(a)(4)(A)(iv); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986).  Rule 59 applies only to "motions for reconsideration of matters encompassed in a decision on the merits of the dispute and not matters collateral to the merits." *Alimenta (U.S.A.), Inc.*, 803 F.2d at 1162.