

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

MACKENZIE M. WROBEL
DIRECT DIAL: +1 302 657 4925
PERSONAL FAX: +1 302 397 2502
E-MAIL: mmwrobel@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

ALLIANCES IN MEXICO
AND SRI LANKA

March 22, 2021

**VIA CM/ECF AND VIA HAND DELIVERY**:

The Honorable Maryellen Noreika
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

      **Re:**    ***Tom Hussey Photography, LLC v. BDG Media, Inc.***
              **C.A. No. 1:20-cv-00404-MN**

Dear Judge Noreika:

Plaintiff Tom Hussey Photography, LLC ("***Plaintiff***") submits this letter to express its assent to the Motion to Transfer filed by Defendant BDG Media, Inc. ("***Defendant***") on March 17, 2021 (DI 27), seeking to transfer this action to the Southern District of New York. In so assenting, Plaintiff reserves its right to oppose Defendant's Motion to Dismiss on any and all applicable grounds.

In support of this letter, Plaintiff states it previously made two offers to assent to Defendant's motion to transfer venue, both of which Defendant rejected, yet it maintains that motion seeking the very relief it refuses to accept. As a result, the parties have reached an impasse regarding the appropriate procedural path forward for this matter. This impasse, and the reasons for Plaintiff's decision to assent to the pending Motion to Transfer, are discussed herein and a proposed Order granting a transfer is enclosed herewith as **Exhibit 1**.

Judge Maryellen Noreika
March 22, 2021

DuaneMorris

On December 18, 2020, the Court issued its Memorandum Opinion (DI 18) and Order (DI 19) granting Defendant's Motion to Dismiss the Complaint. On January 15, 2021, Plaintiff filed a Motion Pursuant to Rule 59(e) to Alter and/or Amend the Judgment of Dismissal (DI 20), seeking to modify the Court's Order of December 12, 2020 to expressly permit Plaintiff to file an amended pleading. Plaintiff separately wrote to the Court on January 19, 2021, seeking leave to file an Amended Complaint pursuant to Rule 15. (DI 21). Plaintiff attached to its Rule 15 letter a proposed amended pleading. (DI 21, Ex. 1). Defendant opposed Plaintiff's Rule 59(a) submission (DI 20), as well as Plaintiff's subsequent Rule 15 submission. (DI 23).

On March 1, 2021, the Court entered an Oral Order (DI 21) granting Plaintiff's Rule 59(e) Motion:

> IT IS HEREBY ORDERED that [20] ***Plaintiff''s motion pursuant to Rule 59(e) to alter or amend the judgment of dismissal is GRANTED to the extent it seeks permission to file an amended pleading***. The Court previously dismissed Plaintiff's complaint without prejudice. ***Plaintiff shall filed <u>any</u> amended complaint on or before March 3, 2021***. Defendant may thereafter file a motion to dismiss the amended complaint (including on the grounds that Plaintiff did not cure the deficiencies in its original complaint). Defendant should also renew its motion to transfer this case. IT IS FURTHER ORDERED that the call scheduled for March 2, 2021 is CANCELLED.

(DI 25) (emphasis added). The Court did not address or rule on Plaintiff's Rule 15 Motion.

The next day, relying on the Court's Oral Order permitting Plaintiff to file "***any amended complaint***," Plaintiff further revised its proposed amended pleadings to separately express the two legal theories in support of its copyright infringement claim—direct and indirect infringement. Plaintiff did not change or add any factual allegations to the previously circulated

Judge Maryellen Noreika
March 22, 2021



draft of a proposed amended pleading, nor did it add a new claim for relief, it only specified the two legal theories of liability that, Plaintiff claims, justify the relief sought.

The same day, Plaintiff advised Defendant of its revisions and provided Defendant with a copy of the same for review. Plaintiff also advised that it would agree to transfer the case to the Southern District of New York, as Defendant had previously requested, as follows:

> ***Plaintiff intends to add a claim for indirect infringement against*** the same party and based on the same facts as set forth in the draft amended complaint we previously circulated for your review, ***regardless of whether the case stays in Delaware or transfers to New York***.
>
> [***Plaintiff***] ***thus propose[s] assenting to a transfer upon an agreement that the deadline for filing the amended complaint be extended until 7 days following entry of the case in New York***.
>
> Given the differences between the motion procedures applicable to the different Courts (and between different judges), [Plaintiff] propose[s] having the case docketed, and the applicable procedures identified, before the time for filing Defendant's intended motion to dismiss begins to run.

The correspondence between the parties on March 2-3, 2021 is attached as **Exhibit 2**.

Defendant rejected Plaintiff's offer to assent to a transfer of venue stating "***Defendant will only request to transfer the case to another jurisdiction as alternative relief should the Delaware Court not grant our motion to dismiss with prejudice***." (Ex. 2) (emphasis added). After Defendant rejected Plaintiff's first offer to assent to the transfer, Plaintiff filed its Amended Complaint (DI 26) on March 3, 2021 in accordance with the terms the Court's Oral Order.

On March 17, 2021, Defendant filed its Motion Dismiss for Failure to State a Claim or in the Alternative, to Transfer Venue. (DI 27). Defendant did not request a separate meet and confer with Plaintiff regarding Defendant's filing. Instead, Defendant submitted a Rule 7.1.1

Judge Maryellen Noreika
March 22, 2021



Certification concerning the parties' discussion on Plaintiff's first offer to asset to a transfer, stating:

> Delaware counsel for the parties met and conferred to discuss the possibility of transferring this action to the Southern District of New York.  However, ***Plaintiff conditioned stipulating to transfer this action on Defendant consenting to Plaintiff filing an amended complaint in the new jurisdiction***.  Because Defendant **would not consent to Plaintiff filing an amended complaint** with new (false) allegations ***that were not included in the proposed amended complaint Plaintiff had submitted to this Court, the parties were unable to reach an agreement***. (DI 27-1) (emphasis added).

The next day, Plaintiff's counsel wrote to defense counsel regarding the accuracy of the reasoning provided in the Rule 7.1.1 Certification for the basis of Defendant's refusal of Plaintiff's first offer to transfer.  In the same correspondence Plaintiff made a ***second*** offer to assent and stipulate to a transfer of venue, writing:

> [The Rule 7.1.1 Certification] is not accurate.  In the event that characterization of Plaintiff's position resulted from a misunderstanding of our communications, ***I write to renew Plaintiff's assent to Defendant's motion to transfer this case to the SDNY***.
>
> Unlike the description in [Defendant's Rule 7.1.1] Certification, ***Plaintiff requested only an agreement extending the deadline for filing its amended complaint.  Plaintiff never sought a waiver of Defendant's planned motion to dismiss or other concession concerning the amended complaint***.  Plaintiff's proposal was, as I noted in my March 2 email, meant to address the procedural "differences between the motion procedures applicable to the different Courts (and between different judges)," and thus Plaintiff proposed "having the [SDNY] case docketed, and the applicable procedures identified, before the time for filing Defendant's intended motion to dismiss begins to run."
>
> To be clear, Plaintiff assents to Defendant's motion to transfer and does not condition that assent on Defendant waiving any argument

Judge Maryellen Noreika
March 22, 2021

DuaneMorris

> in its motion to dismiss. Please advise if Defendant agrees to submit a stipulation to the transfer of this action to the SDNY. Plaintiff reserves its right to oppose Defendant's motion to dismiss on any and all applicable grounds.

The correspondence exchanged between the parties on March 18, 2021 is attached as **Exhibit 3**.

Defendant rejected Plaintiff's second offer to assent to the Defendant's motion to transfer and file a stipulation with the Court resolving that motion. (Ex. 3). The parties held a telephonic meet and confer on the issue on the morning of March 22, 2021, but were unable to agree on a stipulation of transfer. Defendant continues to insist that its motion to dismiss first be fully litigated in this Court and then, only if it loses that motion, will it pursue transfer to the Southern District of New York to continue the case.

Plaintiff believes that Defendant's insistence on proceeding in that manner will impose an unnecessary and unreasonable burden on the parties to litigate a motion that is not contested while also forcing this Court to invest substantial time digging into the merits of a claim that will then not proceed before this Court. Moreover, the procedure Defendant insists upon would amount to blatant forum shopping—if, but only if, it gets an unfavorable ruling from one Court does it seek transfer to another Court. Accordingly, Plaintiff hereby informs the Court that Plaintiff assents to the Defendant's Motion to Transfer (DI 27), and the entry of an order transferring this case to the Southern District of New York. Following transfer, the assigned Judge in the Southern District of New York who will be responsible for all aspects of this case going forward can then address the Motion to Dismiss.

Plaintiff does not oppose the transfer of venue, and does not wish to expend the Court's or its own resources litigating an issue here that it does not dispute. Indeed, the differences

Judge Maryellen Noreika
March 22, 2021

*Duane Morris*

Plaintiff perceived in the ability to safely and timely administer this case articulated when it previously opposed a request to transfer of venue (*see* DI 14) have not proven to be differences between the two Courts.  For example, Plaintiff previously believed the Delaware to be a safer jurisdiction for purposes of litigating and traveling in light of Covid-19.  (DI 14, p. 19) ("If nothing else, is reasonable for Plaintiff to expect that travel will be safer from the perspective of the impact that Covid-19 has had on the two jurisdictions, as New York City has been more heavily affected than New Castle County.").  It is now clear that Covid-19 has generally had the same effect on this Court and all jurisdictions across the country as far as travel is concerned, and all Courts are now facing substantial backlogs and delays.  It is not a problem unique to the Southern District of New York.

      For these reasons, Plaintiff no longer opposes and affirmatively assents to the pending Motion to Transfer, while reserving its right to oppose the pending Motion to Dismiss on all available grounds.  Accordingly, Plaintiff requests the Court enter an Order in the form enclosed herewith.

                              Respectfully,

                              */s/ Mackenzie M. Wrobel*
                              Mackenzie M. Wrobel (#6088)

                              *Counsel for Plaintiff Tom Hussey Photography, LLC*

cc:  All counsel of record pursuant to the ECF system