# Wrobel, Mackenzie

| | |
|---|---|
| **From:** | Wrobel, Mackenzie |
| **Sent:** | Saturday, March 20, 2021 3:15 PM |
| **To:** | Pedi, Nicole K. |
| **Cc:** | Cowley, Steven M.; Eleanor Lackman |
| **Subject:** | Re: Tom Hussey Photography, LLC v. BDG Media, Inc., Case 1:20-cv-00404-MN |

Nicole: Many thanks for making yourselves available. Monday at 10 AM works for Plaintiff. I will circulate an invite and dial-in for everyone's use. Have a nice rest of your weekend.

**Mackenzie M. Wrobel**
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington | DE 19801-1659
p: (302) 657-4925
c: (570) 764-3562

> On Mar 20, 2021, at 1:55 PM, Pedi, Nicole K. <Pedi@rlf.com> wrote:
>
> Mackenzie,
>
> We've re-arranged our schedules so we can meet and confer at 10am ET on Monday. If that works on your end, can you please circulate dial-in information?
>
> Thanks,
> Nicole
>
> Nicole K. Pedi
> Richards, Layton & Finger, P.A.
> 920 North King Street
> Wilmington, DE 19801
> Office: 302-651-7844
> Fax: 302-498-7701
> Email: Pedi@rlf.com
>
> The information contained in this electronic communication is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

On Mar 19, 2021, at 5:40 PM, Wrobel, Mackenzie <MMWrobel@duanemorris.com> wrote:

Thanks for your email, Nicole.

As I mentioned in my previous email (attached) and reiterate now, Plaintiff will file its letter with the Court if we do not hear of Defendant's final position and/or availability for a meet and confer before noon on Monday, March 22, 2021.  Since Plaintiff is assenting to a motion Defendant filed, we would have expected quick assent, but there is a timing issue regardless.

We look forward to hearing from you.  Thanks and have a nice weekend.

**Mackenzie M. Wrobel**
Duane Morris LLP
**P:** +1 302 657 4925

---

**From:** Pedi, Nicole K. <Pedi@rlf.com>
**Sent:** Friday, March 19, 2021 5:19 PM
**To:** Wrobel, Mackenzie <MMWrobel@duanemorris.com>
**Subject:** RE: Tom Hussey Photography, LLC v. BDG Media, Inc., Case 1:20-cv-00404-MN

Mackenzie,

The description in the 7.1.1 certification is both accurate and confirmed by our conversations and emails.  I specifically asked you if Plaintiff intended to file the same single-count complaint that you submitted to the Delaware District Court in the Southern District of New York should we stipulate to transfer.  You then checked with co-counsel, and responded that you ***would not be filing the same complaint*** in NY or anywhere else—instead, you indicated that Plaintiff would be adding new allegations to the complaint which were never submitted to the Delaware District Court, and you circulated a new version of the complaint that did not match the version that Plaintiff included in its January 19, 2021 request to the Court for leave to amend (D.I. 21).  As I made clear, Defendant did not (and still does not) consent to those new allegations, which are baseless and contrary to evidence, and which you can verify yourself are untrue.  If Plaintiff wished to add these new allegations, it should have sought further leave to amend from the Delaware District Court so Defendant would have the opportunity to object.  Obviously, you disagreed with Defendant since you filed the complaint with new allegations anyway without first seeking leave from the Court.  This leaves the parties in the very position I described in the 7.1.1 certification: no agreement on transfer because Defendant did not consent to Plaintiff filing an amended complaint in the Southern District of NY that contains new false allegations never presented to/approved by the Court, and Plaintiff did not agree to file the same one-count complaint in the Southern District of New York that it included in its January 19, 2021 request to the Delaware Court for leave to amend.

Relying on Plaintiff's position, Defendant moved to dismiss with prejudice the amended complaint Plaintiff filed at D.I. 26 and drafted the motion subject to Third Circuit law on

the relevant issues.  Pursuant to that Third Circuit law, Plaintiff's complaint should be dismissed for failure to state a claim, and that is the relief that Defendant is seeking here.  This is precisely what the Court entitled Defendant to request in its March 1, 2021 Order.  There, the Court stated: "Defendant may thereafter file a motion to dismiss the amended complaint (including on the grounds that Plaintiff did not cure the deficiencies in its original complaint)" and instructed that "Defendant should *also renew its motion to transfer this case*."  Defendant's motion adheres to this express guidance from the Court, seeking to dismiss the complaint with prejudice in the first instance, or if the Court does not agree to dismissal, to transfer the case to the Southern District of NY as alternative relief.  It's also exactly what I told you Defendant would seek in our discussions and emails, and despite Defendant's offer to meet and confer, Plaintiff did not request one until after Defendant filed its motion.

Finally, considering that Plaintiff made the decision to file this action in Delaware and could simply dismiss the action and re-file it in New York at any time to avoid this dispute altogether, I don't think allegations of forum shopping are helpful or productive in this instance.

Given that Defendant relied on Plaintiff's position and drafted a motion to dismiss the amended complaint filed in Delaware, we're inclined to have the Delaware Court decide the merits of our motion.  But I will talk to my co-counsel about times for a meet and confer next week and will let you know when we are available.

Regards,
Nicole

Nicole K. Pedi
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Cell: 347-219-1895
Office:  302-651-7844
Fax: 302-498-7701
Email:  Pedi@rlf.com

The information contained in this electronic communication is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

**From:** Wrobel, Mackenzie <MMWrobel@duanemorris.com>
**Sent:** Thursday, March 18, 2021 9:54 PM
**To:** Pedi, Nicole K. <Pedi@rlf.com>
**Subject:** Tom Hussey Photography, LLC v. BDG Media, Inc., Case 1:20-cv-00404-MN

3

**\* EXTERNAL EMAIL \***

Hi Nicole:

Plaintiff is in receipt of Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, To Transfer Venue To the Southern District Of New York, including your Rule 7.1.1 Certification, which states in part:

> Plaintiff conditioned stipulating to transfer this action on Defendant consenting to Plaintiff filing an amended complaint in the new jurisdiction.  Because Defendant would not consent to Plaintiff filing an amended complaint with new (false) allegations that were not included in the proposed amended complaint Plaintiff had submitted to this Court, the parties were unable to reach an agreement.

That is not accurate.  In the event that characterization of Plaintiff's position resulted from a misunderstanding of our communications, I write to renew Plaintiff's assent to Defendant's motion to transfer this case to the SDNY.

Unlike the description in your Certification, Plaintiff requested only an agreement extending the deadline for filing its amended complaint.  Plaintiff never sought a waiver of Defendant's planned motion to dismiss or other concession concerning the amended complaint.  Plaintiff's proposal was, as I noted in my March 2 email, meant to address the procedural "differences between the motion procedures applicable to the different Courts (and between different judges)," and thus Plaintiff proposed "having the [SDNY] case docketed, and the applicable procedures identified, before the time for filing Defendant's intended motion to dismiss begins to run."

To be clear, Plaintiff assents to Defendant's motion to transfer and does not condition that assent on Defendant waiving any argument in its motion to dismiss.  Please advise if Defendant agrees to submit a stipulation to the transfer of this action to the SDNY.  Plaintiff reserves its right to oppose Defendant's motion to dismiss on any and all applicable grounds.

If Defendant refuses to stipulate to the transfer sought in its motion at this time, Plaintiff will submit a letter to the Court, informing the Court of Plaintiff's assent to Defendant's motion to transfer and the reason provided to us for Defendant's refusal to accept this assent and agree to a transfer prior to the filing of the amended complaint and motion to dismiss and transfer.

Relatedly, I write to inform you of our concern that the representation in the Certification as to why the parties did not reach an agreement on transfer is materially inconsistent with your email dated March 3, 2021 stating Defendant rejected Plaintiff's proposed agreement to a transfer because "Defendant will only request to transfer the case to another jurisdiction as alternative relief should the Delaware Court not grant our motion to dismiss with prejudice.  But an order seeking dismissal of the complaint with prejudice is the relief we are seeking."  As you are aware, Plaintiff believes that Defendant's position is inappropriate and needlessly multiplies the issues to be litigated in this matter.  Among other problems, Defendant's position appears to be a naked

effort to forum shop – only if Defendant does not like a ruling from the Judge in this Court will it insist on transferring the case to a different Judge.

Please advise if Defendant agrees to submit a stipulation to the transfer of this case to the SDNY or, if not, let me know of your team's availability tomorrow to meet and confer on Plaintiff's request to enter a stipulation to transfer the case.  Thank you.

**Mackenzie M. Wrobel**
Associate
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
**P:** +1 302 657 4925
**F:** +1 302 397 2502

mmwrobel@duanemorris.com
www.duanemorris.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**CAUTION RLF:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

<mime-attachment>

5