

Nicole K. Pedi
302-651-7844
Pedi@rlf.com

March 23, 2021

**VIA ECF AND HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 N. King Street, Unit 19, Room 4324
Wilmington, Delaware 19801-3555

      Re:  <u>Tom Hussey Photography, LLC v. BDG Media, Inc.</u>, C.A. No. 20-404-MN

Dear Judge Noreika:

      We represent defendant BDG Media, Inc. ("BDG") in the above-captioned action, and we write in response to plaintiff Tom Hussey Photography, LLC's ("Plaintiff") letter filed last night regarding Plaintiff's request to transfer the case to the Southern District of New York. D.I. 31.

      This action was filed nearly a year ago in a venue that Plaintiff now, for the first time, concedes was improper. Previously, BDG moved to transfer the action, and Plaintiff submitted a detailed opposition (D.I. 14 at pp. 9-17), citing the pandemic and sundry other reasons why Delaware purportedly was a more appropriate court, although conceding that at best for Plaintiff, most of the factors were neutral. (*Compare* D.I. 31 at 6 (citing hindsight-driven view about the pandemic).) As noted in the Court's December 18, 2020 Opinion (D.I. 18, at 6-7 n.3), the grounds for transfer were "particularly compelling." But rather than refile the action in New York, Plaintiff sought to amend. D.I. 20. In granting Plaintiff's request to amend, the Court noted that BDG may file a motion to dismiss and should also renew its motion to transfer, and that "any" amended complaint should be filed on or before March 3, 2021. D.I. 25.

      Despite the clear message in the Court's March 1, 2021 Order, which not only gave Plaintiff an "out" from filing in this District but which instructed BDG to raise its transfer motion if Plaintiff chose to file its amended complaint, Plaintiff chose to proceed in this Court.

      However, as Exhibit 2 to Plaintiff's letter shows (D.I. 31-2), Plaintiff indicated to BDG on March 2 that it wanted to add a claim for "indirect infringement" in its amended complaint "based on the same facts." Plaintiff noted that it wished to discuss a transfer on the condition that BDG would consent to the filing of a revised complaint that it had, at that time, not seen. *Id.* at 4. Later that day, Plaintiff's counsel provided a draft, which included allegations that were objectively not true. *Id.* at 2-3. Understandably, BDG could not consent to the filing of such a pleading in any court and, in light of the timing, indicated that it would have to move to dismiss the pleading in that new form. *See id.* at 2. The choice of having to consent to a filing that it had barely had a chance to review with its client in full but which clearly contained falsehoods, was no choice at all.

The Honorable Maryellen Noreika
March 23, 2021
Page 2

Plaintiff's response indicated that it would be proceeding with the filing of the amended complaint in this Court. *Id.* BDG responded to clarify Plaintiff's position and—contrary to what Plaintiff claims in its letter (*id.* at 3)—asked for availability on a meet-and-confer. *Id.* at 1 ("If Plaintiff requests a meet and confer on any of the issues and motions raised in this email chain, please advise and provide your availability."). However, BDG heard nothing further from Plaintiff until it received notice that the amended complaint had been filed on ECF. BDG moved to dismiss the amended complaint accordingly, and consistent with the Court's instructions, requested to transfer as alternative relief should the Court not grant the motion to dismiss.

It was not until yesterday night that Plaintiff filed a letter with the Court seeking to transfer. Indeed, BDG heard nothing from Plaintiff after March 3 until it reached out with a proposal on the night of March 18 after having reviewed BDG's papers filed on March 17. D.I. 32-3 at 4.[1] Accordingly, if any party is engaged in forum-shopping, it is Plaintiff, which has had time to review the motion papers and assess its chances of success in opposing the motion. Plaintiff's timing is telling: it believes that it should seek another bite at the apple before a different judge.

Despite Plaintiff's delay in reviving the issue until late last week, BDG promptly responded with its views and found time to meet and confer with Plaintiff's counsel yesterday morning, the business day after Plaintiff demanded a discussion. *See generally* D.I. 31-3. During the call, BDG's counsel explained that it had incurred material time and cost in briefing the new claim (as well as new facts) under Third Circuit law and noted that all of this could have been avoided had the matter been addressed beforehand. Plaintiff's counsel dismissed the work as not related to a new claim – despite the fact that direct and contributory/vicarious liability claims turn on different facts and legal standards. *Compare* D.I. 31 at 3 (claiming that despite expressly adding a new claim for relief, *see* D.I. 26-1 at 14-16 ("Second Claim for Relief[:] Indirect Copyright Infringement"), plaintiff did not "add a new claim for relief" but "only specified the two legal theories of liability" against BDG), *with* D.I. 28 at 11-14 (discussing and analyzing different standards for indirect, as opposed to direct, forms of liability). When asked for a reason why—after having incurred cost in researching and briefing an omnibus cause of action of "indirect liability" under Third Circuit law—BDG would want to agree to engage in the entire exercise all over again in the Second Circuit, Plaintiff could provide no reason.

Despite its length, Plaintiff's letter fails to explain why this Court should not address BDG's motion to dismiss on the merits given the investment of energy and the history recited above. BDG appreciates that this Court is being asked to consider papers that it would not have to consider had the Complaint been filed in a proper forum. However, considering that a different judge would have to consider this same type of motion (albeit under Second Circuit law), and in light of the fact that BDG has already briefed the matter and the Court is familiar with the facts of the case as a result of Plaintiff's election to commence and continue to maintain this action in this

---

[1] As the correspondence shows, Plaintiff did not request an extension of time to file an amended complaint in this Court, but rather an extension to file the amended complaint after the transfer to the Southern District of New York was complete. *Compare* D.I. 32-2 at 5 *with* D.I. 32-3 at 4.

The Honorable Maryellen Noreika
March 23, 2021
Page 3

Court until it sought relief last night, judicial economy favors this Court's review of the motion to dismiss that is presently pending before Your Honor.

      Accordingly, for the reasons set forth above, BDG respectfully requests that the Court hold Plaintiff's request in abeyance until BDG's motion to dismiss is decided on the merits.

                                            Respectfully,

                                            */s/ Nicole K. Pedi*

                                            Nicole K. Pedi (#6236)

cc:      All counsel of record (via ECF)